# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number _____

Delois J. Haynes-Taylor,
    Plaintiff,

v.

Chase Bank USA, N.A.;
Experian Information Solutions, Inc.;
Frederick J. Hanna & Associates, P.C.;
Equifax Information Services, LLC;
    Defendants.

## COMPLAINT

1. Plaintiff is an individual consumer who resides in Denver, Colorado.

2. Defendant Chase Bank USA, N.A. (Chase) is a national association with various locations throughout the USA, including Colorado.

3. Defendant Experian Information Solutions, Inc (Experian) is located at 475 Anton Boulevard, Costa Mesa, CA 92626.

4. Defendant Equifax Information Services, Inc (Equifax) is located at 1550 PEACHTREE ST NW, ATLANTA , GA 30309.

5. Defendant Frederick J. Hanna & Associates, P.C. ("FRED") is located in Marietta, GA.

6. Venue is appropriate in Colorado because the Plaintiff resides here and all three Defendants regularly conduct business in Colorado.

7. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, as this claim arises out of the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

8. In or around 2001, the Plaintiff opened a credit card with Chase, which was used for her own personal, family, or household purposes.

9. In or around 2010, the Plaintiff experienced financial difficulties and fell behind on payments on the Chase account.

10. The plaintiff hired a debt settlement company to settle her debts for her rather than file bankruptcy.

11. On information and belief, Chase hired Defendant FRED to collect the Chase account from the Plaintiff on Chase's behalf.

12. On June 18, 2013, the Plaintiff reached an agreement with FRED to settle the account for $5,810, which was to be paid in seven (7) installments.

13. Plaintiff performed her end of the settlement and paid all seven (7) installment payments to Defendant FRED on time.

14. However, Chase would later refuse to acknowledge the fact of the settlement its agent FRED had reached with Plaintiff.

15. On March 1, 2014, Plaintiff pulled a copy of her Experian credit report, and much to her dismay, the Chase account was reported on the credit report as "past due" of $14,419, and the status was "charge off" rather than "settled in full."

16. On March 6, 2014, Plaintiff drafted a dispute letter to Experian and Equifax and disputed the following inaccurate information:  a) that the balance should be $0 rather than $14,419, b) that the status should be "settled in full" rather than "charge off", and 3) the 24 month payment history did not reflect the 7 payments that Plaintiff made in 2013-14.

17. Plaintiff's March 6, 2014 letter to Experian and Equifax also included copies of the settlement with FRED, and copies of all checks to prove that the 7 payments were made.

18. On information and belief, Experian and Equifax forwarded Plaintiff's entire dispute to Chase because credit reporting agencies are required under the FCRA to forward all relevant information to the furnisher.

19. Alternatively, pursuant to F.R.C.P. 8, Plaintiff pleads on information and belief that Experian and Equifax did not forward any of Plaintiff's documentation attached to the dispute letter to Chase, and instead simply sent Chase an ACDV form.

20. On March 21, 2014, Experian sent its results back to Plaintiff of the alleged "reinvestigation" and the inaccurate Chase information was still on Plaintiff's Experian credit report.

21. On March 24, 2014, Equifax wrote back to Plaintiff that it had completed its reinvestigation and that it had "verified" that the item has been reported correctly, and that the prior payment history and status are reported correct.  Equifax continued to report the inaccurate information regarding the Chase account.

## COUNT I, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
**(Against Defendant FRED Only)**

22. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

23. Plaintiff is a "consumer" as that term is defined in the FDCPA.

24. Defendant FRED is a "debt collector" as that term is defined in the FDCPA.

25. The debt that FRED sought to collect from plaintiff was a "debt" as defined in the FDCPA because it was incurred for personal, family, and/or household purposes.

26. On information and belief, Defendant FRED violated the FDCPA by misrepresenting to Plaintiff that its client was Chase, and that Chase had authorized FRED to settle the account for $5,810, in violation of 1692e, 1692e(10), and 1692f.

27. Defendant FRED's violations of the FDCPA caused the Plaintiff actual damages in the form of money paid in the amount of $5,810, plus worry and stress.

28. Defendant FRED is liable to the Plaintiff for actual damages, statutory damages of $1,000, attorney fees and costs.

## COUNT II, FAIR CREDIT REPORTING ACT (FCRA)
**(Against Defendants Experian, Equifax and Chase Only)**

29. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

30. Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the Plaintiff's disputed information was in fact accurate, by failing to delete the inaccurate information, failing to provide Chase with all relevant information contained in plaintiff's dispute, and by failing to review and consider all relevant information submitted by the consumer while performing the reinvestigation.

31. Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the Plaintiff's disputed information was in fact accurate, by failing to delete the inaccurate information, failing to provide Chase with all relevant information contained in plaintiff's dispute, by failing to provide the Plaintiff with a copy of her complete credit report or credit file and by failing to review and consider all relevant information submitted by the consumer while performing the reinvestigation.

32. Experian violated the FCRA 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit report.

33. Equifax violated the FCRA 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit report.

34. Chase violated the FCRA 15 U.S.C. § 1681s-2(b) by failing to reasonably reinvestigate plaintiff's dispute, failing to consider and review all relevant information, failing to accurately respond to the credit bureaus, and by failing to permanently correct its own internal records to prevent the re-reporting of the false information to the credit bureaus.

35. As a result of the conduct, action and inaction by Experian, Equifax and Chase, the plaintiff suffered damage by loss of the ability to purchase and benefit from credit, mental and emotional pain, anguish, humiliation, and embarrassment of having false information on her credit report published to others.

36. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages, actual damages and statutory damages pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

37. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages, actual damages and statutory damages pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

38. Chase's conduct, action, and inaction was willful, rendering it liable for punitive damages, actual damages and statutory damages pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for the following relief:

a. Actual damages to be determined at trial;
b. Punitive damages to be determined at trial;
c. Attorney Fees and Costs;
d. For such other relief as may be proper.

s/ Matthew R. Osborne #40835
2055 S. Oneida St., Ste 370
Denver, CO 80224
(303) 759-7018
matt@mrosbornelawpc.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**